UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:10-cr-0063-SEB-TAB-1 |
| | ) | |
| DARRIN LAMONT WALTON, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 7, 2013, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on April 4, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 4, 2014, defendant Darrin Lamont Walton appeared in person with his appointed counsel, Bill Dazey.  The government appeared by Brad Shepard, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Diane Asher, who participated in the proceedings.

---

[1]     All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C.  § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The court advised Mr. Walton of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Walton questions to ensure that he had the ability to understand the proceedings and his rights.

2.     A copy of the Petition was provided to Mr. Walton and his counsel, who informed the court they had reviewed the Petition and that Mr. Walton understood the violations alleged. The court summarized the violations alleged.  Mr. Walton waived further reading of the Petition.

3.     The court advised Mr. Walton of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Walton was advised of the rights he would have at a preliminary hearing.  Mr. Walton stated that he wished to waive his right to a preliminary hearing.

4.     Mr. Walton stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.  Mr. Walton executed a written waiver of the preliminary hearing, which the court accepted.

5.     The court advised Mr. Walton of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the Government demonstrated to the court that the interests of justice did not require a witness to appear.

6.     Mr. Walton, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not leave the judicial district without the permission of the court or probation officer."** |

Darrin Walton first began supervision in the Southern District of Indiana on March 23, 2010. He was also supervised by Indiana State Parole for a conviction for Sexual Misconduct with a Minor. On May 6, 2010, the offender sent a letter to this probation officer and his state parole officer stating he intended to kill himself because the state parole officer told him he would not be allowed to see his child, who was due to be born in July 2010. The offender was found unconscious in a motel room in Bullet County, Kentucky, on May 8, 2010, after attempting to commit suicide by overdose. The offender was hospitalized in Louisville, Kentucky. His state parole was subsequently revoked for numerous violations, and he was sentenced to the Indiana Department of Correction. The Court was notified and agreed to modify the offender's conditions of supervised release to include a 180-day residential re-entry center placement upon his release from the Department of Correction. Mr. Walton's term of supervised release resumed after his release from state incarceration on May 24, 2012.

7.      The Court placed Mr. Walton under oath and directly inquired of Mr. Walton whether he admitted violation 1 of his supervised release set forth above. Mr. Walton admitted the violation as set forth above.

8.      The Government orally moved to dismiss violations 2 through 6, and the motion was granted.

9.      The parties and the USPO further stipulated that:

(a)      The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

(b)      Mr. Walton's criminal history category is 3.

(c)      The range of imprisonment applicable upon revocation of Mr. Walton's supervised release, therefore, is 5-11 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10.     The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows:  (a) for the defendant's supervised release to be revoked; and (b) for the defendant to be sentenced to the custody of the Attorney General or his designee for a period of six (6) months with no supervised release to follow.

11.     Having heard the parties' proposed disposition, the court determines that it is appropriate.  In particular, the court notes that at the conclusion of the above term of imprisonment, Mr. Walton will remain on supervision by state officers in connection with the disposition of a state proceeding.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the position of each party and the USPO, **NOW FINDS** that the defendant, DARRIN LAMONT WALTON, violated the above-specified condition in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of six (6) months with no supervised release to follow.  The defendant is remanded to the custody of the United States Marshal pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Walton stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Walton entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561

*et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Walton's supervised release, imposing a sentence of imprisonment of six (6) months, with no supervised release to follow. The defendant is remanded to the custody of the United States Marshal pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: _____04/09/2014_____

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal